UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-04465-CAS-GJS | Date | December 6, 2022 |
|---|---|---|---|
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** DEFENDANTS' MOTION TO DISMISS (Dkt. 24, filed on NOVEMBER 11, 2022)

## I.  INTRODUCTION

Presently before the Court is defendants' motion to dismiss plaintiffs' complaint. The Court finds that the motion is appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

On June 30, 2022, plaintiffs 72andSunny Partners, LLC ("72andSunny") and Francisco Jose Puppio Gonzalez ("Puppio") brought suit against Alejandro Mayorkas, Ur M. Jaddou, and the United States Citizenship and Immigration Services ("USCIS") (collectively, "defendants"). Dkt. 1. Plaintiffs seeks declaratory and injunctive relief, including a declaratory judgment finding that the December 23, 2021 denial of 72andSunny's I-140 petition filed on behalf of Puppio for EB-1 immigration status was arbitrary and capricious in violation of the Administrative Procedure Act ("APA"), as well as a judgment vacating the denial of the I-140 petition and remanding the petition to defendant "with instructions to approve the Form I-140." Id. at p. 21.

On November 7, 2022, defendants filed a motion to dismiss for lack of subject matter jurisdiction. Dkt. 24 ("Mot."). On November 28, 2022, plaintiffs filed an opposition. Dkt. 26 ("Opp.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04465-CAS-GJS | Date | December 6, 2022 |
|---|---|---|---|
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

**II.    BACKGROUND**

72andSunny is a "global advertising agency" with U.S. offices in Los Angeles and New York.  Compl. ¶ 14.  Puppio is a citizen of Venezuela and Italy who has worked within the advertising industry for over twenty years.  Id. ¶ 15.  Prior to the instant litigation and I-140 petition, Puppio had already been employed with 72andSunny pursuant to an approved O-1B immigration status.  Id. ¶ 31.

On October 4, 2021, 72andSunny sought EB-1A first-preference immigrant status on behalf of Puppio, intending to employ him in the position of creative director.  Id. ¶¶ 30, 31.  EB-1 immigrant status is an "employment-based immigration preference for aliens of 'extraordinary ability in the sciences, art, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation.' " Mot. at 2 (quoting Immigration Act of 1990 ("IMMACT"), Pub. L. No. 101-649, 104 Stat. 4978, 4987-88 (November 29, 1990)).  The Immigration and Naturalization Service defines "extraordinary ability" to mean "a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor."  8 C.F.R. § 204.5(h)(2).  A petition must contain evidence of either a one-time achievement of a "major, international recognized award" or, alternatively, three of ten listed criteria under 8 C.F.R. § 204.5(h)(3).

On October 12, 2021, USCIS issued a request for evidence ("RFE"), seeking additional evidence for five of the criteria of 8 C.F.R. § 204.5(h)(3).  Id. ¶ 34.  On December 13, 2021, plaintiffs submitted additional evidence in response to that request.  On December 23, 2021, USCIS denied plaintiffs' I-140 petition.  Id. ¶¶ 36–38.

As noted above, plaintiffs filed suit on June 30, 2022.  On November 2, 2022, USCIS reopened plaintiff's I-140 petition *sua sponte* and issued a Notice of Intent to Deny ("NOID"), stating that plaintiffs "may submit additional evidence" in relation to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04465-CAS-GJS | Date | December 6, 2022 |
|---|---|---|---|
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

8 C.F.R. § 204.5(h)(3) criteria which USCIS had found insufficiently demonstrated. See Mot. at 1; Dkt. 24-4.

### III. LEGAL STANDARD

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000).

### IV. DISCUSSION

Defendants argue that the Court lacks subject matter jurisdiction in the case because the reopening of plaintiffs' I-140 petition and the NOID render the 2021 denial "non-final" and thereby not subject to judicial review under the APA. See Mot. at 4 (citing 5 U.S.C. § 704). Additionally, defendants contend that the lawsuit must be dismissed "because USCIS' vacatur of the 2021 denial grants the relief sought by the Plaintiffs." Id. at 6.

In opposition, plaintiffs have cited to two cases in which district courts have found that the USCIS' sua sponte reopening of an immigration petition was a perfunctory gesture in which "the agency has reopened the case in name only." See Opp. at 7–8 (citing RELX, Inc. v. Baran, 397 F.Supp.3d 41, 50–51 (D.C. 2019); Mantena v. Hazuda, No. 17-CV-5142, 2018 WL 3745668 at *6 (S.D.N.Y. 2018)).

In RELX, Inc. v. Baran, the D.C. district court noted that while "an agency's decision to reopen a case" may "generally . . . render a final agency action nonfinal," it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-04465-CAS-GJS | Date | December 6, 2022 |
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

found under the circumstances that the "agency has reopened the case in name only." 397 F.Supp.3d at 50–51. In that case, the court found that the government "failed to proffer any reason for why it reopened the petition other than that it was in response to this lawsuit." Id. at 52. Additionally, the court concluded that the government sought no additional information in its new RFE compared to the prior RFE: "it is unclear what purpose, if any, is served by requesting and reviewing the exact same information, and expecting such review to lead to a different result." Id. at 52–53.

In Mantena v. Hazuda, the court in the Southern District of New York similarly concluded that the government's reopening of the plaintiff's immigration petition did not render the initial denial of the petition "non-final." 2018 WL 3745668 at *6. There, the court denied the government's motion to dismiss and stayed the case pending resolution of the reopened petition. Id.

This Court finds that the circumstances here are analogous to those in RELX and Mantena. Specifically, having supplied no explanation as to why it reopened review of plaintiffs' I-140 petition, USCIS has issued a NOID according to which it will deny plaintiffs' petition upon this second review. Accordingly, USCIS appears to have "reopened [plaintiffs' petition] in name only." 397 F.Supp.3d at 50–51.

### V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendants' motion to dismiss and directs defendants to complete their reopened review of plaintiffs' I-140 petition no later than February 1, 2023. The action is stayed pending defendants' review of plaintiffs' petition, and the Court will hold a status conference via ZOOM on February 13, 2023, at 11:00am.

IT IS SO ORDERED.

| | | |
|---|---|---|
| | Initials of Preparer | kmh |