UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-04465-CAS-GJSx | Date | August 28, 2023 |
|---|---|---|---|
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Deborah Parker | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Stephen Antwine  Joseph Nosse

**Proceedings:** ZOOM HEARING: PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT (Dkt. 42, filed on MAY 15, 2023)

DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT (Dkt. 43, filed on MAY 15, 2023)

## I. INTRODUCTION

On June 30, 2022, plaintiffs 72andSunny Partners, LLC ("72andSunny") and Francisco Jose Puppio Gonzalez ("Puppio") brought suit against Alejandro Mayorkas, Ur M. Jaddou, and the United States Citizenship and Immigration Services ("USCIS") (collectively, "defendants"). Dkt. 1. Plaintiffs seek declaratory and injunctive relief, including a declaratory judgment finding that the December 23, 2021 denial of 72andSunny's I-140 petition filed on behalf of Puppio for an EB-1 "extraordinary ability" visa was arbitrary and capricious in violation of the Administrative Procedure Act ("APA"), as well as a judgment vacating the denial of the I-140 petition and remanding the petition to defendant "with instructions to approve the Form I-140." Id. at p. 21.

On November 2, 2022, USCIS reopened plaintiffs' I-140 petition *sua sponte* and issued a Notice of Intent to Deny ("NOID"), stating that plaintiffs "may submit additional evidence" in relation to the 8 C.F.R. § 204.5(h)(3) criteria which USCIS had found to be insufficiently demonstrated. Dkt. 24-4. Shortly thereafter, on November 7, 2022, defendants filed a motion to dismiss for lack of jurisdiction. Dkt. 23. On December 6, 2022, the Court denied defendants' motion to dismiss and instead imposed a stay of the action pending USCIS's final review of plaintiffs' visa petition. Dkt. 28. On January 23, 2023, plaintiffs responded to the NOID submitting additional evidence and argument, and on January 31, 2023, USCIS denied the petition for a second and final time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:22-cv-04465-CAS-GJSx | Date | August 28, 2023 |
|---|---|---|---|
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

On March 31, plaintiffs filed a first amended complaint, seeking the same relief as the original complaint but with respect to the USCIS's second and final denial of plaintiffs' petition on January 31, 2023. Dkt. 31 ("FAC").

On May 15, 2023, plaintiffs and defendants filed cross-motions for summary judgment, asking that the Court review USCIS's decision and determine whether it was arbitrary and capricious as a matter of law. Dkt. 42 ("Pl. MSJ"); Dkt. 43 ("Def. MSJ"). On June 14, 2023, plaintiffs filed an opposition to defendants' cross-motion. Dkt. 48 ("Pl. Opp."). On the same day, defendants filed an opposition to plaintiffs' motion. Dkt. 20 ("Def. Opp."). On June 28, 2023, plaintiffs filed a reply in support of their motion. Dkt. 50 ("Pl. Reply"). On the same day, defendants filed a reply in support of their cross-motion. Dkt. 51 ("Def. Reply").

On August 28, 2023, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

### A.    Statutory Background

The EB-1 visa category is an employment-based immigration preference for foreign nationals of "extraordinary ability in the sciences, art, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation." Pub. L. No. 101-649, 104 Stat. 4978, 4987–88 (November 29, 1990).

The Immigration and Nationality Act ("INA") does not define "extraordinary ability," see 8 U.S.C. §1101(a) (definitions section), but the Immigration and Naturalization Service issued a legislative rule defining "extraordinary ability" to mean "a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor." 8 C.F.R. § 204.5(h)(2). Notably, "*extraordinary* ability" is the highest immigrant preference category pursuant to 8 U.S.C. § 1153(b)(1) and has a much more stringent standard to meet than that of the second preference category of "*exceptional* ability."[1]

---

[1] The "extraordinary ability" visa has "considerable advantages" over other employment-based visas. Kazarian v. U.S. Citizenship & Immigr. Servs., 596 F.3d 1115,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:22-cv-04465-CAS-GJSx | Date | August 28, 2023 |
|---|---|---|---|
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

To meet the definition of "extraordinary ability," a petitioner must submit evidence that he or she "has sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise." 8 C.F.R. § 204.5(h)(3). There are two ways to do so. The first way is a one-time, internationally recognized achievement—the "Nobel Prize is the quintessential example." Kazarian v. U.S. Citizenship & Immigr. Servs., 596 F.3d 1115, 1119 (9th Cir. 2010). The second way is to include evidence that satisfies at least three of ten specific criteria intended to identify benchmarks for determining "extraordinary ability." The ten criteria are:

(i) Documentation of the alien's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;

(ii) Documentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields;

(iii) Published material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought. Such evidence shall include the title, date, and author of the material, and any necessary translation;

(iv) Evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought;

(v) Evidence of the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field;

(vi) Evidence of the alien's authorship of scholarly articles in the field, in professional or major trade publications or other major media;

---

1120 (9th Cir. 2010). And while an individual may not qualify for the "extraordinary ability" visa, they may nonetheless qualify for the less stringent "exceptional ability" visa.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                           'O'

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-04465-CAS-GJSx | Date | August 28, 2023 |
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

(vii) Evidence of the display of the alien's work in the field at artistic exhibitions or showcases;

(viii) Evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation;

(ix) Evidence that the alien has commanded a high salary or other significantly high remuneration for services, in relation to others in the field; or

(x) Evidence of commercial successes in the performing arts, as shown by box office receipts or record, cassette, compact disk, or video sales.

8 C.F.R. § 204.5(h)(3)(i)–(x).  Should a petitioner believe that the enumerated criteria "do not readily apply to [their] occupation, the petitioner may submit comparable evidence to establish [their] eligibility." Id. § 204.5(h)(4).

USCIS adjudicates EB-1 petitions according to a two-step process.  "At the first step, the agency assesses whether the applicant submitted the required 'initial evidence' listed in the regulation by a preponderance of the evidence.  The agency then conducts a 'final merits determination' to determine whether, as a whole, the evidence is sufficient to demonstrate that the applicant meets the 'required high level of expertise.' " Amin v. Mayorkas, 24 F.4th 383, 388 (5th Cir. 2022) (citing U.S. Citizenship & Imm. Servs., Dep't of Homeland Sec., PM-602-0005.1, Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the Adjudicator's Field Manual Chapter 22, AFM Update AD11-14, At 1 (2010) (Policy Memo)).

**B.   The Parties**

72andSunny is a "global advertising agency" with U.S. offices in Los Angeles and New York.  FAC ¶ 1.  Puppio is a citizen of Venezuela and Italy who has worked within the advertising industry for over twenty years.  Id. ¶ 15.  Prior to the instant litigation and I-140 petition, Puppio had already been employed with 72andSunny pursuant to an approved O-1B immigration status.  Id. ¶ 31.  Puppio has worked on advertising campaigns for Coca-Cola, McDonald's, Budweiser, Volkswagen, Comcast, Hyundai, Sears, Kraft, Colgate, Wendy's, AT&T, and General Mills.  Pl. MSJ at 2.  Two particularly prominent advertising campaigns on which Puppio worked include the 2006

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:22-cv-04465-CAS-GJSx | Date | August 28, 2023 |
|---|---|---|---|
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

"Teeth Town," "Amazing Contortionists," and "Amazon Hair Goddess" ads for the California Milk Processor Board, as well as the 2017 Coors Lights "Climb On" and "EveryOneCan" ads. Id. at 23; FAC ¶ 79.

Defendants are charged by law with the statutory and regulatory authority to grant or deny immigration petitions pursuant to 8 U.S.C. § 1101.

### C.  Administrative History

On October 4, 2021, 72andSunny filed an I-140 petition the EB-1 extraordinary ability visa on behalf of Puppio. Dkt. 34, Certified Administrative Record (hereinafter "CAR") at 43–50. The petition asserted that Puppio met six of the ten regulatory criteria under 8 C.F.R. § 204.5(h)(3), including that he met the criteria of: (1) receipt of lesser nationally or internationally recognized awards; (3) published material about Puppio in professional or major trade publications; (4) participation on a panel as a judge of the work of others in the field; (7) display of his work at artistic exhibitions or showcases; (8) performance in a leading or critical role for organizations with a distinguished reputation; and (9) that he commands a high salary. Id. at 51–81.

In support of criterion one, 72andSunny submitted webpage printouts and screenshots of numerous types of awards. Id. at 457–663. For criterion three, it submitted articles from three publications. Id. at 702–732. For criterion four, it submitted documentation of Puppio's participation on three juries. Id. at 664–701. For criterion seven, it submitted selections of Puppio's various advertising campaigns. Id. at 758–835. For criteria eight, it submitted documentation about three advertising agencies and about Puppio's roles and work while with those agencies. Id. at 125–455. For criterion nine, it submitted copies of Mr. Puppio's pay stubs and documentation about salaries for art directors and creative directors. Id. at 733–757.

On October 12, 2021, USCIS issued a request for evidence ("RFE"). Id. at 859–866. The RFE noted that the I-140 petition and accompanying documents failed to indicate how Puppio's entry will substantially benefit prospectively the United States while working as a creative director with 72andSunny (as required by the regulations). Id. at 860. For criterion one, USCIS explained that the submitted achievements did not appear to recognize Puppio but instead appeared to recognize the agency, client, or campaign. Id. USCIS requested evidence describing how the awards relate to excellence in Puppio's field and evidence of the criteria used to grant the awards, including evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-04465-CAS-GJSx | Date | August 28, 2023 |
|---|---|---|---|
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

that a criterion for winning the award was excellence in the field. Id. at 862. For criterion three, USCIS explained that the material either did not relate to the beneficiary and his work or did not demonstrate publication in a major trade publication or other major media. Id. USICS requested additional published material about the beneficiary and evidence related to the publisher and articles. Id. For criterion seven, USCIS explained that because Puppio was not a visual artist and had not created tangible pieces of art that were on display at artistic exhibitions, the evidence provided did not meet the plain language of the criterion. Id. at 863. For criterion nine, USCIS explained that the evidence provided for Puppio's salary did not include comparative evidence establishing that his salary was high relative to others in the field. Id. USCIS requested additional evidence, including, but not limited to, Department of Labor comparisons, media reports, or lists compiled by credible professional organizations. Id.[2]

On December 13, 2021, 72andSunny responded to the RFE, submitting additional argument and evidence for four criteria. Id. at 867–80. For criterion one, 72andSunny submitted additional information about the awarding bodies taken from those organizations' websites to show that the awarding bodies were nationally and internationally recognized. Id. at 878. For criterion three, they submitted additional evidence about the trade publications to show that the publications were major media publications and internationally recognized. Id. For criteria seven and nine, they proffered additional explanation about Puppio's salary in relation to other creative director salaries in the Los Angeles metropolitan region, as well as the display of his advertising works in major media. Id. at 868, 878.

On December 23, 2021, USCIS denied the I-140 petition in an 8-page decision. See Dkt. No. 1-3, Exhibit C, at 1–9. For step one of the review, USCIS found that Puppio met criteria three, four, and eight. Id. USCIS conducted a final merits determination for step two of the review and found that Puppio did not meet the extraordinary ability visa requirements. Id. at 3–6. The agency explained that "[i]n determining whether the beneficiary has enjoyed 'sustained' national or international

---

[2] USCIS acknowledged that plaintiffs' application included evidence that met the plan language of criteria four and eight, and so it did not request further evidence as to those two criteria. Id. at 863–864. Additionally, for the purpose of conducting a comprehensive review, USCIS noted that plaintiffs' application did not provide evidence to support criteria two, five, six, and ten. Id. at 859–66.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:22-cv-04465-CAS-GJSx | Date | August 28, 2023 |
|---|---|---|---|
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

acclaim, such acclaim must be maintained" because a "beneficiary may have achieved extraordinary ability in the past but then failed to maintain a comparable level of acclaim thereafter." Id. at 6. For instance, USCIS acknowledged an article about Puppio's achievements published in 2006, but concluded that "a single article that may have been published in 2006 about the beneficiary and his work is not indicative of someone who has reached the pinnacle of their field," because "[o]ne would expect much more published material for someone who claims to be at the very top of their field." Id. at 6–7. The agency also noted that prior approval of O-1 nonimmigrant petitions does not preclude USCIS from denying an immigrant visa petition. Id. at 9.

On November 2, 2022, USCIS reopened the I-140 petition. CAR at 1198. USCIS issued a notice of intent to deny ("NOID") identifying deficiencies in the evidence previously submitted. Id. at 1220–32. USCIS informed 72andSunny regarding deficiencies for criteria one, seven, and nine. Id. at 1222–1227. USCIS also conducted a final merits determination and provided an explanation for why it found the record did not demonstrate that Puppio enjoyed sustained national or international acclaim and has risen to the top of his field of endeavor. Id. at 1229–31.

On January 23, 2023, plaintiffs responded to the NOID submitting additional evidence and argument. Id. at 1246–57. For criterion one, plaintiffs proffered additional argument and explanation and resubmitted documents related to the awards. Id. at 1246–51, 1258–91. For criterion seven, plaintiffs submitted additional evidence that Puppio's work was "publicly displayed for purposes of competition." Id. at 1254, 1335–55. For criterion nine, plaintiffs submitted additional evidence relating to creative director salary statistics and trends. Id. at 1253, 1292–1321. Plaintiffs also presented argument and resubmitted the support letters in addressing the final merits determination. Id. at 1255–57, 1322–34 .

On January 31, 2023, USCIS denied the petition for a second and final time in a longer, 15-page decision. Id. at 1–15. Upon review of plaintiffs' supplemental material, USCIS determined that Puppio met criteria three, four, seven, eight, and nine, but still failed to satisfy criterion one. Because USCIS found that Puppio presented evidence meeting three of the ten criteria, it moved to the second step of the review, the final merits determination. USCIS found that Puppio and his work in the field had not sustained national or international acclaim nor did the evidence demonstrate that he had risen to the top of his field of endeavor. USCIS acknowledged that on the whole the record "demonstrates that [Puppio] has a wealth of experience in developing successful

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:22-cv-04465-CAS-GJSx | Date | August 28, 2023 |
|---|---|---|---|
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

marketing campaigns, and that he has been an asset to his current and past employers and their clients." Id. at 13. However, considering the evidence together, and after reviewing the support letters, USCIS determined that the "record lack[ed] evidence that [Puppio's] work has resulted in him receiving national or international level acclaim, or that he had reached the top of the field." Id. at 12. USCIS further reasoned that the evidence regarding Puppio's experience as an awards judge, though the selection was purportedly prestigious, was of nominal value because he appeared to be among dozens or potentially hundreds of judges selected to the jury. Id. at 13.

### III.   LEGAL STANDARD

####   A.   Summary Judgment

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-04465-CAS-GJSx | Date | August 28, 2023 |
|---|---|---|---|
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

### B. APA Standard of Review

Under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (the "APA"), a court shall hold unlawful and set aside agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." A court is not empowered by section 706(2)(A) to substitute its judgment for that of the administrative agency. Nw. Motorcycle Ass'n v. U.S. Dept. of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994). A court may reverse an agency decision under the arbitrary and capricious standard "only if the agency relied on factors Congress did not intend it to consider, entirely failed to consider an important aspect of the problem, or offered an explanation that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Greater Yellowstone Coalition v. Lewis, 628 F.3d 1143, 1148 (9th Cir. 2010) (internal citations omitted).

For purposes of APA review, the agency's factual findings are reviewed for substantial evidence, and the Court will not disturb the agency's findings unless the "evidence presented would compel a reasonable finder of fact to reach a contrary result." Family Inc. v. USCIS, 469 F.3d 1313, 1316 (9th Cir. 2006). Moreover, an entity seeking an immigration benefit bears the burden of establishing that the beneficiary qualifies for the immigration benefit sought and to resolve any inconsistencies in its petition. See Matter of Ho, 19 I & N Dec. 582, 591 (BIA 1988). When reviewing a final agency action, the district court sits as an appellate tribunal and must determine "as a matter of law if the evidence in the administrative record permitted the agency to make the decision it did. Rhoads v. U.S. Dept of Veterans Affs., 242 F. Supp. 3d 985, 990 (E.D. Cal. 2017) (quoting Occidental Eng'g Co. v. I.N.S., 753 F. 2d at 769).

### IV. DISCUSSION

The issue before the Court is whether USCIS's decision to deny Puppio's Form I-140 Petition was arbitrary and capricious. As stated above, the agency engages in a two-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-04465-CAS-GJSx | Date | August 28, 2023 |
|---|---|---|---|
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

step review of EB-1 "extraordinary ability" visa applications. First, the agency determines whether the applicant has shown sufficient evidence of at least 3 of the 10 regulatory criteria set forth at 8 C.F.R. § 204.5(h)(3)(i)–(x). To clarify, "objectively meeting the regulatory criteria in the first step alone does not establish that the person in fact meets the requirements for classification as a person with extraordinary ability." See USCIS Policy Manual ("Policy Manual") Volume 6, Part F, Chapter 2.³ In the first step, the agency is "only required to determine if the evidence objectively meets the regulatory criteria." Id. Then, if the applicant has made this threshold showing, USCIS conducts an overall merits determination to determine whether the applicant is one of that small percentage who have risen to the very top of the field of endeavor and enjoys sustained national or international acclaim.

Plaintiffs' complaint challenges as arbitrary and capricious two distinct findings made by the agency: (1) the agency's determination during the first step of the review that Puppio failed to provide sufficient evidence of criterion one (lesser nationally or internationally recognized prizes or awards); and (2) the agency's ultimate determination during the second step of the review that Puppio did not demonstrate sustained national or international acclaim as well as association "among the small percentage at the very top of his field of endeavor." The parties have filed cross-motions for summary judgment, both asserting that this case can be determined as a matter of law because the certified administrative record is not in dispute.

The Court reviews each challenged USCIS finding in turn.

### A. EB-1 First Step Review: Criterion One

As described above, as part of the first step review of Puppio's application, USCIS determined that Puppio supplied sufficient evidence to meet criteria three, four, seven, eight, and nine of 8 C.F.R. § 204.5(h)(3), but did not demonstrate evidence sufficient to meet criterion one (receipt of lesser national or international awards). Plaintiffs challenge as arbitrary and capricious the agency's finding that Puppio did not meet criterion one. According to plaintiffs, it was arbitrary and capricious for USCIS to find that the awards did not meet criterion one on the basis that (1) it erroneously required Puppio to be the sole or named recipient of the submitted awards; (2) the agency improperly weighed and

---

³ The Policy Manual is available online at https://www.uscis.gov/policymanual/ (last visited August 28, 2023).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:22-cv-04465-CAS-GJSx | Date | August 28, 2023 |
|---|---|---|---|
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

discounted internet evidence of the awards; and (3) the agency failed to credit the supporting letters submitted on Puppio's behalf. Pl. MSJ at 10.

As to their first argument, plaintiffs argue that USCIS's requirement that Puppio be a named or sole recipient of awards to meet criterion one is "counter to" prior administrative decisions recognizing awards "when it is clear that a specific industry's awards are commonly granted to employers, groups, or campaigns, rather than individuals." Id. at 11. In support, plaintiffs cite to administrative decisions that have credited awards given to a petitioner's advertising agency or advertising campaign as also awarding the petitioner, who served as a creative director for the winning advertising campaign. Id. at 12–13 (citations omitted). Accordingly, plaintiffs argue that it was arbitrary and capricious for USCIS to discount the 2017 Gold Ogilvy Award and the four 2006 Creative Advertising Awards simply because the advertising agencies and campaigns were the named recipients and not Puppio. Id. at 14–15.

Additionally, plaintiffs argue that USCIS did not properly contemplate the totality of evidence submitted for the awards criterion because "inappropriately fixed" on whether the internet evidence included references to "URL links" instead of the substance of the proffered evidence. Pl. MSJ at 16–17. Finally, plaintiffs argue that USCIS improperly discounted secondary evidence submitted by "established members of the advertising industry" in support of Puppio's application. Id. at 18–19. According to plaintiffs, "[t]hese letters of support, combined with the other evidence, should have alleviated any doubt as to whether [Puppio's] receipt of awards was sufficient to meet" criterion one. Id. at 19.

In opposition, defendants argue that USCIS rationally explained its determination that the evidence submitted with Puppio's petition was insufficient to meet the awards criterion. First, defendants argue that USCIS permissibly determined that the submitted evidence did not sufficiently demonstrate the extent to which the listed prizes were awarded on account of Puppio's specific, individual contributions to advertising campaigns. Defendants contrast the deficiencies in plaintiffs' evidence with the award evidence submitted for the petitions adjudicated in plaintiffs' cited administrative decisions, which included information specifically submitted by the award-issuing body or demonstrated that the petitioner and the awarded company were "essentially one and the same." Id. at 17–18 (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:22-cv-04465-CAS-GJSx | Date | August 28, 2023 |
|---|---|---|---|
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

Additionally, defendants argue that USCIS did not improperly "discount" the website printouts submitted by plaintiffs. Instead, defendants note that the "minimum standard" for review of EB-1 includes requirements that the plaintiffs submit "relevant, probative, and credible evidence." Id. at 20–21. In support, defendants cite to district court orders concluding USCIS was not arbitrary and capricious for discounting the probative value of evidence derived from some internet sources. Id. at 20 (citations omitted).

Finally, as to the supporting letters, defendants argue that USCIS was "reasonable to discount their probative value" because letters "largely speak to Mr. Puppio's value as an employee [and] not his level of involvement or recognition in the various advertising campaigns" that received awards. Id. at 19–21. Defendants argue that USCIS was entitled to properly weigh the probative value of letters submitted by Puppio's "colleagues and clients." Id. at 23.

The Court concludes that USCIS based its findings relating on substantial evidence in the record. Plaintiffs' argument emphasizes that USCIS "misstated" or "ignored" the evidence in the record to reach its conclusion denying plaintiffs' petition. However, it is clear throughout USCIS's RFE and two denials that it did "thoroughly consider[] all relevant evidence." Szonyi v. Whitaker, 915 F.3d 1228, 1231 (9th Cir. 2019), opinion amended on denial of reh'g sub nom. Szonyi v. Barr, 942 F.3d 874 (9th Cir. 2019).[4] Moreover, while USCIS may not "unilaterally impose novel substantive or evidentiary requirements beyond those set forth at 8 C.F.R. § 204.5," plaintiffs' arguments that USCIS improperly evaluated the evidence are not supported by applicable case law. Kazarian v. U.S. Citizenship & Immigr. Servs., 596 F.3d 1115, 1121 (9th Cir. 2010).

---

[4] It is clear that USCIS comprehensively examined the proffered evidence. For example, USCIS cited at length to the proffered 2021 printout of the American Advertising Federation ("AAF"), which listed a three-tiered categorization for local, district, and national awards. CAR at 5–6. USCIS noted that three of the four entries proffered by plaintiffs from 2004 and 2005 listing Puppio as copywriter "were indicated to be local only categories" and therefore did not meet criterion one's requirement that the awards be "nationally or internationally recognized." Id. Plaintiffs may disagree with the agency's conclusions, but the applicant carries the evidentiary burden of proof and the agency's conclusion was rationally drawn in light of the submitted evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:22-cv-04465-CAS-GJSx | Date | August 28, 2023 |
|---|---|---|---|
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

First, because several of the awards did not specifically name Puppio as a recipient, it was reasonable for USCIS to request and examine secondary evidence to determine to what extent those awards meet the regulatory requirements for criterion one. Guida v. Miller, No. 20-CV-01471-LB, 2021 WL 568850, at *8 (N.D. Cal. Feb. 16, 2021) (holding the agency was not arbitrary and capricious where "there was no 'primary' evidence of the awards (and only letters describing receipt of the awards). Accordingly, it was not arbitrary and capricious for evaluate the secondary evidence and determine that the evidence did not sufficiently demonstrate Puppio's individual contributions towards group awards. Compare Zizi v. Cuccinelli, No. 20-CV-07856-SVK, 2021 WL 2826713, at *7 (N.D. Cal. July 7, 2021) (CEO's "involvement in the company was the motivating factor" for the award); with CAR at 4–6 (USCIS finding that the record does not demonstrate Puppio was the intended recipient of awards for which he was not listed).

Similarly, USCIS rationally evaluated the credibility and probative value of internet evidence submitted by plaintiffs in the forms of computer printouts. As other district courts have recognized, not everything allegedly or actually located on the Internet is probative or credible, so USCIS is accordingly entitled to assess such evidence. See, e.g., Strategati, LLC v. Sessions, Case No. 3:18-cv-1200, 2019 WL 2330181, at *6 (S.D. Cal. 2019) (holding USCIS was not arbitrary and capricious when it discounted the probative value of evidence derived from some internet sources in denying an EB-1 petition).[5]

---

[5] Contrary to plaintiffs' assertion, USCIS did not "inappropriately fixate" on URL links to the point of entirely discrediting alternative internet evidence. For example, these same internet evidentiary issues arose when USCIS examined the proffered evidence for criterion three: "published material about [Puppio] in professional or major trade publications." For criterion three, plaintiffs submitted computer printouts of online articles by a publication named Produ. Although plaintiffs submitted the "About Us" page from Produ's website, USCIS noted that there was no URL link provided. However, based on the information provided, USCIS determined that "it appears more likely than not that the website would qualify as major media." CAR at 7. On that basis, USCIS consequently found that the trade publication evidence met criterion three. Id. The fact that USCIS properly evaluated all "relevant, probative, and credible" secondary evidence relating to criterion three lends support to the conclusion that USCIS did the same for criterion one. It ultimately appears that USCIS reasonably found the proffered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-04465-CAS-GJSx | Date | August 28, 2023 |
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

Additionally, it was not arbitrary or capricious for USCIS to determine that the support letters were of limited probative value to demonstrate that Puppio was the "de facto honoree" of the award because they were submitted by colleagues and clients rather than members of the awarding bodies. See, e.g., Mishra v. Richardson, No. 120CV991LMBTCB, 2021 WL 1566071, at *3 (E.D. Va. Apr. 20, 2021) ("Plaintiff's arguments fall exactly into what the [Adjudicator Field Manual] cautions against: plaintiff submitted letters only from people within his circle of professional acquaintances, and none of the letters point to evidence of 'extensive documentation' of plaintiff's accomplishments to support his assertion that he has enjoyed sustained national or international acclaim.")

Finally, USCIS decided that, even assuming *arguendo* that the "information in the printouts is credible" and that the awards implicitly included Puppio as a recipient, the agency nonetheless determined that the awards failed to show that they were "nationally or international recognized" in the field. See CAR at 4. Ultimately, this Court "cannot weigh the evidence in place of the agency's assessment." Guida, 2021 WL 568850, at *9 (upholding denial of EB-1 petition).

    **B.**      **EB-1 Second Step Review: Final Merits Demonstration**

Plaintiffs argue that USCIS was arbitrary and capricious in concluding that Puppio did not demonstrate a "level of expertise indicating that [he[ is one of that small percentage who have risen to the very top of [his] field of endeavor," 8 C.F.R. § 204.5(h)(2), and that he "has sustained national or international acclaim," id. § 204.5(h)(3). First, while acknowledging that the final merits determination analysis requires that the determination be made by the "quality" and not "quantity of evidence alone," plaintiffs argue that the fact Puppio provided evidence for 6 of the 10 criteria "weighs heavily in favor of approval." Pl. MSJ at 21. In support of this argument, plaintiffs cite to several EB-1 visa applications that have been granted "when at least four of the criteria have been met." Id. at 22 (collecting cases). In particular, plaintiffs contend that Puppio's career and application are a "near-perfect comparison" to those of an advertising creative director was granted an EB-1 visa application in the Matter of F-R-, ID#455823 (AAO July 18, 2017). Additionally, plaintiffs argue that because USCIS focused primarily on Puppio's achievements in 2006, the agency "incorrectly discounted

---

internet evidence relating to 2017 trade publications to be more substantiated than the internet evidence relating to decades-old awards.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:22-cv-04465-CAS-GJSx | Date | August 28, 2023 |
|---|---|---|---|
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

[his] earlier achievements and ignored his most recent industry recognition." Pl. Opp. at 11–12. According to plaintiffs, the agency's denial of Puppio's petition "based on [the] temporality of some of his achievements creates a standard that is not supported by case law." Id. at 13.

In opposition, defendants argue that plaintiffs fail to show the agency's determination was arbitrary and capricious. First, defendants note the Ninth Circuit's explanation that, "by USCIS's 'own regulations, unpublished decisions carry no precedential weight,' and moreover,' unpublished precedent is a dubious basis for demonstrating the type of inconsistency which would warrant rejection of deference.'" Def. Opp. at 18 (quoting Chan v. Reno, 113 F.3d 1068, 1073 (9th Cir. 1997)). Thus, defendants argue that plaintiffs' citations to administrative decisions granting EB-1 visas are not binding or even necessarily persuasive because of the extensive factual inquiry USCIS employs for each application. For example, defendants contend that the Matter of F-R-, which involved the same profession as Puppio, is distinguishable because there, the AAO there found extensive documentation as to the "level of recognition and excellence of the [] award is supported by media coverage," "[m]edia reports and information from contests' organizers. . . indicative of national recognition," and "extensive coverage of the Petitioner in reputable professional publications . . . indicative of his sustained national acclaim." Def. Opp. at 23 (citation omitted). Additionally, defendants note that there have been several instances where courts have upheld the denial of EB-1 visas even where the petitions provided evidence for more than four of the criteria, all of which underscore the point that USCIS properly makes determinations based primarily on the overall quality and not sheer quantity of the evidence submitted. Id. at 23 (citations omitted).

As to plaintiffs' argument relating to USCIS's improper focus on Puppio's 2006 achievements, defendants argue that the agency conducted its final merits determination on the totality of the evidence and rationally found that "the record did not demonstrate that Mr. Puppio's acclaim in 2006 had been sustained through the 15 years prior to filing the petition." Def. Reply at 7–8. Specifically, defendants note that the "infrequency of selection to judge competitions, being featured in a single article, or even receiving some national acclaim for a project upwards of 15 years prior to filing the petition do not demonstrate the type of sustained acclaim or extraordinary ability required by the regulation." Def. Opp. at 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              'O'

| Case No. | 2:22-cv-04465-CAS-GJSx | Date | August 28, 2023 |
|---|---|---|---|
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

The Court concludes that the USCIS based its findings on substantial evidence in the record. First, the Court notes that both parties have cited to a variety of administrative decisions and district court orders that have upheld or reversed the denial of an "extraordinary ability" visa. Although these citations do not serve as binding authority on this Court, they nonetheless elucidate the broader principle articulated by the Ninth Circuit that "[t]he regulations regarding this preference classification are extremely restrictive."[6] Kazarian v. U.S. Citizenship & Immigr. Servs., 596 F.3d 1115, 1120 (9th Cir. 2010); see also Rijal v. U.S. Citizenship & Immigr. Servs., 772 F. Supp. 2d 1339, 1343 (W.D. Wash. 2011), aff'd, 683 F.3d 1030 (9th Cir. 2012) (noting that examples of other petition determinations "reveal that the 'extraordinary ability' visa is extraordinarily difficult to obtain, and that the task of determining whether an alien has 'extraordinary ability' (as opposed to a lesser level of distinction) is also difficult").

---

[6] The exemplar cases cited by the Ninth Circuit further illustrate the stringent standard to obtain the "extraordinary ability" visa. See, e.g., Lee v. Ziglar, 237 F.Supp.2d 914, 918 (N.D. Ill. 2002) (finding that "arguably one of the most famous baseball players in Korean history" did not qualify for the visa as a baseball coach for the Chicago White Sox because his acclaim was limited to his skills as a player and not as a coach); Grimson v. INS, 934 F.Supp. 965, 969 (N.D. Ill. 1996) (finding denial arbitrary and capricious where NHL hockey enforcer was one of the top three players in the world and agency improperly discounted the importance of the enforcer position); Muni v. INS, 891 F.Supp. 440 (N.D. Ill. 1995) (finding the agency improperly discounted evidence for an NHL hockey player who won the Stanley Cup three times, won "most underrated defenseman," was paid more than the average NHL player, submitted numerous articles establishing his stature in the hockey world, and provided affidavits from eight renowned hockey players stating that he was highly regarded); Buletini v. INS, 860 F.Supp. 1222 (E.D. Mich. 1994) (finding denial was arbitrary and capricious where Albanian physician won a national award, published a medical dictionary and numerous articles, was responsible for general health projects, and served as an adjunct professor); Matter of Price, 20 I. & N. Dec. 953, 955–56 (BIA 1994) (granting the visa petition to a professional golfer who won the 1983 World Series of Golf and the 1991 Canadian Open, ranked 10th in the 1989 PGA Tour, collected $714,389 in 1991, provided numerous affidavits from well-known and celebrated golfers, and received widespread major media coverage).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-04465-CAS-GJSx | Date | August 28, 2023 |
|---|---|---|---|
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

Here, plaintiffs do not meaningfully argue that USCIS conducted a final merits determination in a manner contrary to applicable law. For example, while plaintiffs characterize USCIS's focus on "temporality of some of the achievements" as improper, the grant of an EB-1 visa explicitly requires the successful showing of "sustained" international or national acclaim. 8 C.F.R. § 204.5(h)(3). Other district courts have upheld the agency's denial of EB-1 petitions where it rationally explained that significant gaps in an applicant's achievements undercut a showing of "sustained" acclaim. See, e.g., Bodhankar v. United States Citizenship & Immigr. Servs., No. 119CV706MADCFH, 2020 WL 777211, at *4 (N.D.N.Y. Feb. 18, 2020) (not arbitrary and capricious to determine that an "approximately ten-year gap between [applicant's] petition and his last scholarly publication is not consistent with sustained national or international acclaim").

Ultimately, it is insufficient for plaintiffs to raise points suggesting that USCIS *could* have relied on the evidence in the record to approve the petition. "It is not enough that another adjudicator might have come to a different conclusion," but "[r]ather, unless the court can conclude that no rational adjudicator would have come to that conclusion, . . . USCIS did not act arbitrarily and capriciously." Churyumov v. U.S. Citzenship & Immigr. Servs., No. 2:18-CV-00841-RAJ, 2019 WL 5802041, at *3 (W.D. Wash. Nov. 7, 2019), aff'd sub nom. Churyumov v. US Citizenship & Immigr. Servs., No. 19-36094, 2022 WL 1657356 (9th Cir. May 25, 2022) (citing Rijal, 772 F. Supp. 2d at 1346).

This Court may not substitute its judgment for that of the agency," including here how USCIS chose to weigh and evaluate the evidence in the record, along with documentary gaps and deficiencies. Judulang v. Holder, 565 U.S. 42, 52–53 (2011). In other words, plaintiffs' motion for summary judgment does not demonstrate that the "agency entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Innova Sols., Inc. v. Baran, 983 F.3d 428, 431 (9th Cir. 2020).

Nothing about the evidence in the record compels a conclusion that it was arbitrary or capricious for USCIS to deny plaintiffs' petition. On the contrary, in light of the incredibly stringent standards governing EB-1 visas, USCIS reasonably found that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:22-cv-04465-CAS-GJSx | Date | August 28, 2023 |
|---|---|---|---|
| Title | 72ANDSUNNY PARTNERS LLC v. ALEJANDRO MAYORKAS, ET AL. | | |

petition did not sufficiently demonstrate that Puppio met the requirements of 8 C.F.R. § 204.5.[7]

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiffs' motion for summary judgment and **GRANTS** defendants' motion for summary judgment.

IT IS SO ORDERED.

| | 00 : 05 |
|---|---|
| Initials of Preparer | CMJ |

---

[7] Plaintiffs allege in their complaint, but do not raise as an argument in their cross-motion for summary judgment, that the two-step framework USCIS uses to review EB-1 visa applications is *ultra vires*. FAC ¶ 36. Defendants argue that the two-step review process is consistent with the INA's implementing regulations and has been upheld by multiple circuit courts, including the Ninth Circuit. Def. MSJ at 13 (citing Kazarian, 596 F.3d at 1119 (9th Cir. 2010)). Furthermore, defendants argue that plaintiffs have abandoned this argument by failing to raise it in the instant summary judgment briefing. Id. The Court agrees with defendants that plaintiffs have abandoned this argument and that in any event, they have not presented a basis for the Court to find that the USCIS two-step framework for reviewing EB-1 visas is *ultra vires*.